2015 NOV 19 PM 2:38

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LORETTA E. LYNCH,<br>      Attorney General<br><br>      v.<br><br>UNDER SEAL | Case No. 15-cv-001180<br><br>**FILED UNDER SEAL**<br>PURSUANT TO<br>18 U.S.C. § 3511(d) |

## UNOPPOSED MOTION FOR PARTIAL UNSEALING

Petitioner, the Attorney General of the United States of America, moves the Court for an Order partially unsealing this matter, including by partially unsealing the following substantive filings in this matter that are currently under seal:

(1)    The Attorney General's Petition for Judicial Review and Enforcement of a National Security Letter ("NSL");

(2)    The Memorandum of Law in Support of the Petition;

(3)    The Unclassified Declaration of Acting Assistant Director Donald Good;

(4)    Respondent's Opposition to Petition;

(5)    Exhibit 1 to Respondent's Opposition to Petition;

(6)    The NSL attached to Exhibit 1;

(7)    Petitioner's Reply in Support of the Petition;

(8)    Respondent's Sur-Reply in Opposition to Petition;

(9)    Petitioner's Further Response in Support of Petition;

(10)    The Court's September 17, 2015 Memorandum and Order.

The grounds for this motion are:

1) The Attorney General's Petition and memorandum in support thereof asked the Court to enforce the nondisclosure obligation of a National Security Letter ("NSL") issued to and served upon respondent by the FBI as authorized by statute, 18 U.S.C. § 2709. The Attorney General brought her Petition pursuant to 18 U.S.C. § 3511, which provides that "[p]etitions, filings, records, orders, and subpoenas must . . . be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a request for records, a report, or other information made to any person or entity under section 2709(b) . . . ." 18 U.S.C. § 3511(d).

2) On September 17, 2015, the Court issued a Memorandum and Order granting the Attorney General's Petition. In doing so, the Court found that "[t]he materials in this case must be kept under seal to prevent the unauthorized disclosure of the Government's investigative activities."

3) In its September 17, 2015 opinion, the Court also noted that the Government had "promised redacted versions of the filings in this case and [a] motion to partially unseal the redacted filings."

4) In accord with 18 U.S.C. § 3511(d), in the attached, public versions of the ten documents listed above, the FBI has redacted sensitive national security and/or law enforcement information. This material would, if made public, lead to the unauthorized disclosure of factual information concerning the NSL or otherwise may be expected to "result [in] a danger to the national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or physical safety of any person." See 18 U.S.C. § 2709(c)(1).

5) The properly sealable, and still-sealed information redacted by Petitioner in the proposed public versions of the ten documents includes, but is not limited to, the identity of respondent and information that could lead to the identification of respondent or to conclusions about the scope, nature, or other important facts pertaining to the underlying FBI investigation.

6) Petitioner has consulted with counsel for Respondent, and the parties have agreed that the ten documents listed above can and should be made public in the attached, redacted versions.

Accordingly, Petitioner requests that the Court enter an Order granting this motion and unsealing this case on the public docket, as follows:

1) The case should be captioned as *Loretta E. Lynch, Attorney General v. Under Seal*, with Respondent's counsel identified as "Under Seal"[1];

2) The attached, redacted versions of the ten documents listed above should be placed on the public record;

3) This motion should be unsealed and placed on the public record, along with the Court's order partially unsealing this matter.

4) Any other document currently under seal in this case should not be unsealed.

Dated: November 19, 2015

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ROD J. ROSENSTEIN

---

[1] It is public information that counsel in this matter represent Respondent. Thus, there is good reason to believe that public identification of counsel could assist in the exposure of the identity of Respondent.

United States Attorney

JACQUELINE COLEMAN SNEAD
Assistant Director, Federal Programs Branch

_____
ERIC J. SOSKIN (PA Bar #200663)
Senior Counsel
STEVEN Y. BRESSLER
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone:   (202) 353-0533
Facsimile:   (202) 616-8470
Eric.Soskin@usdoj.gov