IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE NATIONAL SECURITY LETTER ) | Case No. |
| ) | |
| ) | |
| ) | ~~FILED UNDER SEAL~~ |
| ) | PURSUANT TO |
| ) | 18 U.S.C. § 3511(d) |
| ) | |

**PETITION FOR JUDICIAL REVIEW AND ENFORCEMENT OF A NATIONAL SECURITY LETTER PURSUANT TO 18 U.S.C. § 3511(c)**

Petitioner Eric Holder, Attorney General of the United States of America, brings this petition for judicial review to enforce compliance with the nondisclosure provisions of a National Security Letter, and states as follows:

## INTRODUCTION

1. As part of an authorized national security investigation by the Federal Bureau of Investigation ("FBI"), on [(G)] the FBI served on and/or issued to respondent [(G)] ("respondent") a National Security Letter ("the NSL"), as authorized by statute, 18 U.S.C. § 2709, seeking limited and specific information necessary to the investigation. In the NSL, an authorized FBI official certified to respondent that disclosure of the fact or contents of the NSL may, *inter alia*, endanger national security. As a result, disclosure of the fact or contents of the NSLs is prohibited by statute, 18 U.S.C. § 2709, as applied to respondent.

2. The NSL informed respondent that, if respondent objected to the nondisclosure obligation imposed by statute and the NSL and so informed the FBI, then the FBI would initiate judicial review of the nondisclosure requirement within 30 days thereafter.

1

3. Respondent did not object to providing the information requested in the NSL or to complying with the nondisclosure requirement. Respondent provided the information requested and, upon information and belief, has complied with the nondisclosure requirement to date.

4. Respondent will no longer voluntarily comply with the nondisclosure requirement of the NSL. On March 24, 2015, respondent provided constructive and actual notice to the FBI that it will not continue to comply with the NSL nondisclosure requirement absent Court action. However, authorized FBI officials have certified pursuant to law, 18 U.S.C. § 2709(c), that there is good reason to believe that disclosure of the fact or contents of the NSLs will result in a danger to the national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or physical safety of any person. An authorized, senior FBI official has likewise recently determined that there is good reason to believe that disclosure of the fact or contents of the NSL will result in one of those harms. For those reasons, the Attorney General brings this petition to protect the national security and enforce the law. This Court should enter an Order declaring that the respondent is bound by the nondisclosure provisions of 18 U.S.C. § 2709(c), as applied to respondent here.

## JURISDICTION AND VENUE

5. The Court has jurisdiction pursuant to 18 U.S.C. § 3511(c), which provides that, when the recipient of an NSL "fail[s] to comply with [the] request for records, a report, or other information," the Attorney General "may invoke the aid of any district court of the United States within the jurisdiction in which the investigation is carried on or the person or entity resides, carries on business, or may be found, to compel compliance with the request." The NSL requests at issue here included notification and imposition of the nondisclosure requirement. *Accord* 18

U.S.C. § 2709(c)(2) (among other things, an NSL "notif[ies] the person or entity to whom the request is directed of the nondisclosure requirement."). Under section 3511(c), this Court "may issue an order requiring the person or entity to comply with the request," including its nondisclosure requirement, and failure to obey the order of the Court may be punished as contempt. *Id.* The Court also has jurisdiction under 28 U.S.C. § 1345.

6. Venue lies in the District of Maryland pursuant to 18 U.S.C. § 3511(c) and 28 U.S.C. § 1391. [(G)]

## PARTIES

7. Petitioner is the Attorney General of the United States. The Attorney General is the nation's chief law enforcement officer and the head of the United States Department of Justice, an Executive Agency of the United States of America. The FBI is a law enforcement agency within the Department of Justice.

8. Respondent is a corporation organized and existing under the laws of [(G)] with a principal place of business at [(G)] Respondent offers electronic communications services to its customers.

## STATUTORY BACKGROUND

9. Title 18 U.S.C. § 2709 authorizes the FBI to issue NSLs in connection with foreign counterintelligence and counterterrorism investigations. The FBI has similar authority to issue NSLs under the National Security Act of 1947, the Fair Credit Reporting Act, and the Right to Financial Privacy Act. *See* 12 U.S.C. §§ 3414(a)(1), 3414(a)(5); 15 U.S.C. § 1681u, 1681v; 50 U.S.C. § 436.

10. Subsections (a) and (b) of § 2709 authorize the FBI to request "subscriber information" and "toll billing records information," or "electronic communication transactional

records," from wire or electronic communication service providers. In order to issue an NSL, a designated official must certify that the information sought is "relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities . . . ." *Id.* § 2709(b)(1)-(2). When an NSL is issued in connection with an investigation of a "United States person," the same officials must certify that the investigation is "not conducted solely on the basis of activities protected by the first amendment . . . ." *Id.*

11. To protect the secrecy of counterintelligence and counterterrorism investigations, § 2709(c) permits the application of a nondisclosure obligation to an NSL recipient. Section 2709(c) prohibits disclosure when a designated FBI official certifies, prior to the issuance of the NSL, that "otherwise there may result a danger to the national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or physical safety of any person." *Id.* § 2709(c)(1). When such a certification is made, the NSL itself notifies the recipient of the nondisclosure requirement. *Id.* § 2709(c)(2).

12. Title 18 U.S.C. § 3511 provides for judicial review of an NSL that has been issued.

13. Section 3511(a) authorizes the recipient of an NSL to petition a district court "for an order modifying or setting aside the request" for information contained in the NSL.

14. Section 3511(b) authorizes the recipient of an NSL to petition a district court "for an order modifying or setting aside a nondisclosure requirement imposed in connection with" the NSL. *Id.* § 3511(b)(1).

15. Section 3511(c) authorizes the government to petition a district court for enforcement of an NSL. Section 3511(c) provides that, when the recipient of an NSL "fail[s] to

comply with [the] request for records, a report, or other information," the Attorney General "may invoke the aid of any district court of the United States within the jurisdiction in which the investigation is carried on or the person or entity resides, carries on business, or may be found, to compel compliance with the request." Where a designated official has certified the need for nondisclosure pursuant to 18 U.S.C. § 2709(c), the NSL "request" includes notification and imposition of the nondisclosure requirement. *Id.* § 2709(c)(2). Pursuant to 18 U.S.C. § 3511(c), a court "may issue an order requiring the person or entity to comply with the request," including its nondisclosure requirement, and failure to obey the order of the court may be punished as contempt. *Id.*

16. In response to the holding of the United States Court of Appeals for the Second Circuit in *John Doe v. Mukasey*, 549 F.3d 861 (2d Cir. 2008) (modifying a nationwide injunction by the Southern District of New York), in February 2009 the FBI modified its NSL practices to ensure that government-initiated judicial review is available to all recipients of NSLs that impose a nondisclosure obligation pursuant to 18 U.S.C. § 2709(c). Since February 2009, therefore, all such NSLs are required to include a notice that informs recipients of the opportunity to contest the nondisclosure requirement through government-initiated judicial review.

17. Since February 2009, all NSLs issued nationwide and including imposition of a nondisclosure obligation pursuant to 18 U.S.C. § 2709(c), including the NSL to respondent, have informed the recipient that, *inter alia*, the recipient has a right to challenge the NSL in accordance with 18 U.S.C. § 3511(a) and (b)(1) if compliance would be unreasonable, oppressive, or otherwise unlawful.

18. Since February 2009, all NSLs issued nationwide and including imposition of a nondisclosure obligation pursuant to 18 U.S.C. § 2709(c), including the NSL to respondent, have

informed the recipient that, *inter alia*, the recipient has the right to challenge the nondisclosure requirement; and that if the recipient wishes to make a disclosure that is prohibited by the nondisclosure requirement, it must notify the FBI, in writing, of its desire to do so within 10 calendar days of receipt of the NSL. Such NSLs have provided an appropriate address or fax number where such objection may be sent, and stated that, if the recipient sends such notice within 10 calendar days, the FBI will initiate judicial proceedings in approximately 30 days in order to demonstrate to a federal judge the need for nondisclosure and to obtain a judicial order requiring continued nondisclosure.

19. In light of respondent's objection to compliance with the NSL absent court action, *see* ¶ 4, *supra*, the Attorney General hereby petitions for judicial review of the NSL and, therefore, seeks judicial review and enforcement of the NSL.

## STATEMENT OF THE CLAIM

**Respondent and Electronic Communication Services**

20. Respondent offers services that provide its subscribers the means to communicate electronically with others.

21. The various communications features that respondent provides to its users are a "wire" or "electronic communications service" as that term is defined in 18 U.S.C. § 2510(15). Respondent is the provider of this electronic communications service.

**The FBI's Investigation**

22. During the course of an authorized national security investigation carried on by the FBI, the FBI determined that it required certain limited information relating to an account for services from respondent. The Attorney General will provide a fuller description of that underlying investigation, including the FBI's legitimate need for continued nondisclosure of the

NSL request, in a classified, *ex parte* submission to the Court for *in camera* review pursuant to 18 U.S.C. § 3511(e).

23. To obtain information to further the FBI's authorized investigation, the FBI issued to and/or served respondent with the NSL on ▓(G)▓ requesting limited, specific information as authorized by § 2709. The NSL did not request the content of any communication. Though not issued to and/or served on respondent until ▓(G)▓ the NSL is ▓(G)▓.

24. The NSL served on respondent was issued ▓(G)▓ ▓(G)▓ under the authority of 18 U.S.C. § 2709, ▓(G)▓ certified in the NSL, in accordance with 18 U.S.C. § 2709(b), that the information sought was relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities.

25. The NSL directed respondent to provide the records requested to the FBI.

26. The NSL also informed respondent of the prohibition against disclosing the contents of the NSL, certifying, in accordance with 18 U.S.C. § 2709(c), that such disclosure could result in an enumerated harm that is related to an "investigation to protect against international terrorism or clandestine intelligence activities."

27. The NSL notified respondent that, in accordance with 18 U.S.C. § 3511(a) and (b), respondent had a right to challenge the letter if compliance would be unreasonable, oppressive, or otherwise illegal.

28. The NSL also advised that respondent had 10 days to notify the FBI as to whether it desired to challenge the nondisclosure provision. The NSL further advised that if respondent advised the FBI within 10 calendar days that it objects to the nondisclosure provision, the

government would initiate judicial proceedings within approximately 30 days thereafter in order to demonstrate to a federal judge the need for nondisclosure pursuant to § 2709(c).

29.    As noted, respondent provided the FBI with the information requested by the NSL and, upon information and belief, has complied with the nondisclosure requirement to date.

**Respondent's Objection to Continued Compliance with the National Security Letter**

30.    Respondent has actually and constructively objected to continued compliance with the nondisclosure requirement of the NSL by letter transmitted to the FBI on March 24, 2015.

31.    Designated FBI officials have certified pursuant to 18 U.S.C. § 2709 that the information sought in the NSL at issue here is relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities, and that disclosure of the fact that the FBI has sought or obtained access to the information sought by the NSL may endanger the national security of the United States, interfere with a criminal, counterterrorism, or counterintelligence investigation, interfere with diplomatic relations, or endanger the life or physical safety of a person. *See* 18 U.S.C. §§ 2709(b), (c)(1). A designated, senior FBI official has recently reviewed, *inter alia*, the NSL to respondent and redetermined as of April 2015 that disclosure of the facts that the FBI has sought or obtained access to the information sought by the NSL may endanger the national security of the United States, interfere with a criminal, counterterrorism, or counterintelligence investigation, interfere with diplomatic relations, or endanger the life or physical safety of a person.

32.    Pursuant to 18 U.S.C. § 3511(e), the Attorney General will make available to the Court *ex parte* and *in camera* further evidence, including classified information, supporting the

need for obtaining the information sought by the NSL to respondent and the damage reasonably expected to flow from disclosure of the NSL.

33. Respondent has demonstrated that, absent Court action, it will not continue to comply with the nondisclosure requirement of the NSL lawfully issued pursuant to 18 U.S.C. § 2709.

34. Respondent's failure to comply with the nondisclosure requirement of the lawfully issued NSL would violate federal law, 18 U.S.C. § 2709.

35. Respondent's failure to comply with the nondisclosure requirement of the lawfully issued NSL would interfere with the United States' vindication of its sovereign interests in law-enforcement, counterintelligence, and the protection of national security.

## RELIEF REQUESTED

WHEREFORE, the Attorney General of the United States requests the following relief:

1. That this Court enter an Order pursuant to 18 U.S.C. § 3511(c) declaring that the respondent is bound by the provisions of 18 U.S.C. § 2709 as applied to respondent and the NSL, including the requirement that the respondent continue to abide by the nondisclosure provision of 18 U.S.C. § 2709(c) and the NSL.

2. That this Court enter an Order pursuant to 18 U.S.C. § 3511(c) affirming that there is good reason to believe that disclosure of the NSL served on respondent may result in a danger to the national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or physical safety of a person; and that the respondent is bound by the nondisclosure provisions of 18 U.S.C. § 2709 as applied to respondent and the NSL, including the requirement that respondent not disclose the fact or contents of the NSL to any person (other

than those to whom such disclosure is necessary to comply with the request or an attorney to obtain legal advice or legal assistance with respect to the request).

3. That this Court enjoin respondent, in accordance with 18 U.S.C. §§ 2709(c) and 3511(c) as applied here, from disclosing to any person (other than those to whom such disclosure is necessary to comply with the request or an attorney to obtain legal advice or legal assistance with respect to the request) that the FBI has sought from respondent or obtained access to the information or records requested by the NSL under 18 U.S.C. § 2709.

5. That this Court grant the Attorney General such other and further relief as may be just and proper.

Dated: April 23, 2015

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ROD J. ROSENSTEIN
United States Attorney

TERRY M. HENRY
Assistant Branch Director

STEVEN Y. BRESSLER
ERIC SOSKIN
Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
(202) 305-0167 (telephone)
(202) 646-8470 (facsimile)
Steven.Bressler@usdoj.gov

*Attorneys for the Attorney General*